IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LIRI FUSHA,                                           *

    Plaintiff,                                 *

      v.                                    *          Civil Action No. RDB-10-2571

DELTA AIRLINES, INC., *et al.*,                       *

    Defendants.                                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Liri Fusha ("Fusha") brings this action against Delta Airlines, Inc. ("Delta"), Airtrade International, Inc. ("Airtrade"), and Alitalia-Linee Aeree Italiane S.P.A. ("Alitalia"), alleging various injuries received at the hands of the Defendants. Briefly, Fusha contends that as a result of the Defendants' errors, omissions, and intentional acts, she missed a connecting flight from Rome to Albania, had to haul her luggage between the customer service counters for Delta and Alitalia, was told to sleep on the floor at the Leonardo da Vinci-Fiumicino airport in Rome, Italy, and was forced to lock herself in an airport restroom to escape a confrontational floor-cleaning janitor. Compl. ¶¶ 16-26. Fusha seeks over two million dollars in compensatory and punitive damages for injuries allegedly sustained as a result of the Defendants' actions.

Now pending before this Court is Defendant Airtrade's motion to dismiss for improper venue (ECF No. 17). Airtrade is an online travel booking company, and argues that its website terms and conditions mandate that Fusha bring any action against Airtrade in

the state and federal courts located in Santa Clara County, California.  This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  This Court finds that Airtrade's forum selection clause is valid and enforceable, and that Fusha consented to be bound by that forum selection clause.  Accordingly, for the reasons that follow, Airtrade's motion to dismiss for improper venue (ECF No. 17) is GRANTED.

BACKGROUND

In July of 2008, Fusha made plans to travel to Albania for her brother's wedding. Compl. ¶ 8.  Fusha utilized Airtrade's website, www.vayama.com, to book round-trip flights between Washington, D.C. and Albania.  *Id.* ¶¶ 9-10.  Fusha traveled on a Delta flight from Washington Dulles International Airport to the John F. Kennedy International Airport in New York.  *Id.* ¶ 12.  From New York, Fusha traveled on an Alitalia flight, operated by Delta, to Rome, Italy.  *Id.* ¶ 13.  Fusha alleges that while at the Fiumicino airport in Rome, "due to the errors, omissions and intentional acts of Defendants," Fusha was "refused passage" on her connecting flight to Albania and "was forced to unnecessarily endure a false imprisonment and inhumane captivity at the hands of Defendants."  *Id.* ¶¶ 15-16.  In short, Fusha alleges that either Delta or Alitalia erred in failing to put her name on the list of passengers scheduled to depart on the connecting flight from Rome to Albania.  As a result of this alleged mistake, Fusha claims significant injuries and damages.

Airtrade, the operator of the travel-booking website used by Fusha to book her trip, moves to dismiss Fusha's complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3).  Airtrade contends that, under the express terms and conditions of

Airtrade's vayama.com website,[1] her suit is subject to a forum selection clause which mandates that any suit against Airtrade be brought in Santa Clara County, California. *See* Airtrade Mot. Dismiss at 2, ECF No. 17-1; Terms & Conditions at 6, ECF No. 18-1.

According to Airtrade, prior to purchasing her tickets through vayama.com, Fusha agreed to Airtrade's terms and conditions by checking (or clicking) a box on the website acknowledging that she read the Terms & Conditions imposed by Airtrade. Because Fusha did indeed purchase tickets through vayama.com, Airtrade argues that she must also have agreed to the Terms & Conditions containing the forum selection clause.

Fusha does not dispute Airtrade's assertion, but argues instead that she "has no recollection of ever reading, much less agreeing to, a forum selection clause." Pl.'s Opp'n at 2, ECF no. 31-2. Moreover, Fusha also argues that even if she agreed to the forum selection clause by clicking the "I agree" box on the vayama.com website, the forum selection clause is nevertheless unreasonable and unenforceable on the ground that litigating in California would be difficult and inconvenient.

<u>STANDARD OF REVIEW</u>

The United States Court of Appeals for the Fourth Circuit has held that "a motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." *Sucampo Pharms., Inc. v. Astellas Pharma,*

---

[1] Airtrade has submitted two versions of its terms and conditions in support of its motion to dismiss. Airtrade first submitted the terms and conditions as they currently appear, but later supplemented its filing with a version of the terms and conditions as they appeared in July, 2008 when Fusha booked her travel through the vayama.com website. While the terms and conditions are slightly different in some respects, the language at issue containing the forum selection has remained substantively identical to the July 2008 language. For purposes of clarity, when referring to the terms and conditions, this Court will use the July, 2008 version. *See* Terms & Conditions, ECF No. 18-1.

*Inc.*, 471 F.3d 544, 550 (4th Cir. 2006); *see also Tech USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 855 (D. Md. 2009). This Court has previously noted that under Rule 12(b)(3), "a court is free to look at matters outside of the pleadings, however, the court still must draw all reasonable inferences in the light most favorable to the plaintiff." *Costar Realty Information, Inc. v. Field*, 612 F. Supp. 2d 660, 672 (D. Md. 2009) (citation omitted). As this case was removed to this Court on the basis of diversity of citizenship, Maryland law governs the enforceability of forum selection clauses. *Id.* However, as Maryland law tracks federal law in this regard, this Court applies the standard for evaluating the enforceability of forum selection clauses articulated by the Supreme Court of the United States in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *Id.* In *Bremen*, the Supreme Court held that forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen*, 407 U.S. at 10.

## ANALYSIS

Two recent opinions, issued by different Judges of this Court but involving the same plaintiff, have carefully examined the validity of forum selection clauses in the online context—specifically where a party agrees to certain terms and conditions as a consequence of using the opposing party's website. In *Costar Realty Information Incorporated v. Field*, this Court noted that "clickwrap agreements, agreements that require a customer to affirmatively click a box on the website acknowledging receipt of an assent to the contract terms before he or she is allowed to proceed using the website . . . have been routinely upheld by circuit and district courts." 612 F. Supp. 2d 660, 669 (D. Md. 2009) (Williams, J.) (collecting cases) (internal quotation marks omitted). Similarly, this Court in *Costar Realty Information,*

*Incorporated v. Meissner*, enforced the forum selection clause at issue and noted that otherwise valid forum selection clauses may not be binding only if the challenging party meets the "heavy burden of showing that enforcement would be unreasonable, unfair, or unjust." 604 F. Supp. 2d 757, 765 (D. Md. 2009) (Chasanow, J.) (citing *Bremen*, 407 U.S. at 15) (internal quotation marks omitted).

Put simply, Fusha has not met the "heavy burden" necessary to invalidate Airtrade's forum selection clause. First, with respect to her contention that she does not recall reading the forum selection clause in Airtrade's Terms & Conditions, this Court has held that the "failure to read an enforceable online agreement, as with any binding contract, will not excuse compliance with its terms." *Field*, 612 F. Supp. 2d at 669; *see also LTVN Holdings LLC v. Odeh*, No. CCB-09-0789, 2009 WL 3736526, at *4 (D. Md. Nov. 5, 2009) (forum selection clause considered valid "whether or not [Defendant] read all the agreement's terms"). Accordingly, whether she read the forum selection clause or not, it is undisputed that Fusha clicked the "I agree" button on the vayama.com website prior to purchasing her tickets and therefore agreed to litigate her claims against Airtrade in Santa Clara County, California.

Next, Fusha argues that it would be inconvenient for her to litigate this case in California—specifically, she avers that she is financially unable to maintain this case in a venue other than Maryland. Aside from vaguely claiming that she is unemployed and has "limited financial means," Fuhsa Aff. ¶ 10, she provides no information on which this Court can properly consider her financial situation. Fusha's conclusory statements contained in her affidavit are not sufficient to show that enforcement of the forum selection clause would be

unduly burdensome. *See Bremen*, 407 U.S. at 18 ("[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."). However, even assuming that it would be financially difficult for Fusha to prosecute this case in California, this Court has held that "increased expenses do not affect the validity of the forum selection clause. The mere assertion that litigation will be more expensive for one party than another is not a reason for declaring the clause invalid. *Meissner*, 604 F. Supp. 2d at 765 (citation omitted). Fusha has simply not met her substantial burden. To underscore the "heavy burden" required to invalidate a presumptively valid forum selection clause, this Court notes that the United States Court of Appeals for the Fourth Circuit recently affirmed a district court's enforcement of a forum selection clause that mandated venue in Amsterdam, Netherlands despite the fact that the plaintiff was a college student, had no source of income, and "[could] not afford the extraordinary expense of traveling to Amsterdam and paying for attorneys there to prosecute these claims." *Baker v. Adidas America, Inc.*, 335 F. App'x 356, 361 (4th Cir. 2009) (unpublished *per curiam* opinion). The Fourth Circuit noted that "because Baker has not demonstrated that these burdens were unforeseeable to her when she ratified the agreement, we do not believe Baker has shown that enforcement of the forum-selection clause would be unjust." *Id.*

Finally, with no legal support, Fusha argues that because Airtrade is a corporation, it necessarily has greater bargaining power and its forum selection clause should therefore be disregarded. However, as aptly noted by the United States District Court for the Western District of North Carolina, "[a]bsent evidence of a bad-faith motive, disparity in bargaining

power does not render a forum selection clause fundamentally unfair." *Giammattei v. Bertram Yacht, Inc.*, No. RLV-09-0399, 2010 WL 2593612, at *4 (W.D. N.C. June 23, 2010) (citation omitted). Here Fusha has not argued, nor is there evidence to support, any bad-faith motive on the part of Airtrade, and the disparity in bargaining power is therefore not sufficient to invalidate the forum selection clause at issue.

In sum, Fusha was not forced to book her travel arrangements through Airtrade's website, and cannot show that litigating in California would deprive her of her day in court. There are a multitude of other competing internet travel companies that may have much more favorable forum selection clauses and Fusha was free to avail herself of those other companies if she didn't like the terms offered by Airtrade. When Fusha booked her flights through vayama.com, she agreed to the Terms & Conditions, and cannot now escape the contract to which she is obliged.

<u>CONCLUSION</u>

For the reasons stated above, Airtrade's Motion to Dismiss (ECF No. 17) is GRANTED. Because a dismissal for want of proper venue is not an adjudication on the merits, Airtrade's Motion to Dismiss is granted WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 41(b).

A separate Order follows.


Dated:        August 30 2011            /s/_____
                                        Richard D. Bennett
                                        United States District Judge